## KNAUER v. SEAGRIST.

(Supreme Court, Appellate Term.    December 13, 1898.)

1. CONTRACTS—ACTION—AMOUNT OF RECOVERY.

In an action on an agreement by defendant to be responsible for board, nursing, and medicine furnished his uncle, it was error to include in the amount of recovery a sum paid by plaintiff to a physician, but returned to plaintiff by the physician on receiving compensation for his services from defendant.

2. SAME—EVIDENCE—SUFFICIENCY.

In an action to recover for board, nursing, and medicine furnished to defendant's uncle under an agreement by defendant that he would pay therefor, the mere reading by plaintiff of the items of account as contained in the complaint, and stating that they aggregate a certain amount, is not evidence sufficient to support a recovery, since it does not show that any

service was rendered by plaintiff, or that he expended any of the sums read by him, or that the sums paid were the reasonable value or the agreed price of the services or articles furnished.

3. SAME—CONSTRUCTION.

    Under an agreement by defendant to be responsible to plaintiff for the expense of boarding and nursing defendant's uncle. he is not liable to plaintiff for money expended in papering and painting the invalid's room, or for the value of furniture destroyed by order of the physician after the invalid's death.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Erhardt Knauer against Francis W. Seagrist. There was judgment for plaintiff, from which defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Edward S. Clinch, for appellant.

Oscar P. Willmann, for respondent.

GIEGERICH, J. The plaintiff's claim is based upon the alleged promise of the defendant to compensate him for services rendered to the uncle of the latter, one Joseph Seagrist, during his last illness, and to reimburse him for moneys expended in relation thereto. The complaint set forth the items of such claim as follows:

| | |
|---|---:|
| Furnished room two weeks, at $3.00 | $ 6 00 |
| Paid Doctor Campbell, one visit | 5 00 |
| Plaintiff's services (two full days) getting doctor, medicines, 3 calls on defendant, &c., &c. | 25 00 |
| Paid for preparing room as requested, whitewashing, papering, &c. | 20 00 |
| Paid for medicines as per prescriptions | 2 50 |
| For pint champagne (Pommery Grene) | 1 75 |
| Tea, bouillon, toast, &c., &c. | 6 50 |
| Paid nurse, 9 weeks, at $15 | 135 00 |
| Furniture destroyed, burned after death, as per doctor's orders | 80 00 |
| | $281 75 |
| It was stipulated upon the trial that the interest amounted to | 98 00 |
| Making a total of | $379 75 |

The trial justice gave the plaintiff judgment for $375.36 damages, with costs and allowance, which is $4.39 less than the amount claimed, with interest. The answer of the defendant was a general denial.

The plaintiff during the period in question was engaged in letting furnished rooms, and the deceased, who occupied one of such rooms, was suffering from consumption. The testimony introduced in plaintiff's behalf tended to show that on June 7, 1892, one Campbell, a physician, advised the removal of the deceased to an hospital or home,— a suggestion which the defendant would not adopt,—and a conversation ensued, which is detailed by the witnesses as follows: The plaintiff testified that:

"Dr. Campbell suggested that the sick man have better rooms, and be nursed; he wanted to move him from the house. Francis Seagrist said: 'Leave him here. I will pay for it. I am responsible.' He said: 'I will pay for all expenses.' On account of that, we did not move him, but left him at the house.

\* \* \* He said the same expressly in the presence of the doctor, my wife, and his uncle,—that he would be responsible for the amount which it cost. \* \* \* He said: 'Let me make the old man as comfortable as possible. I am responsible.' We expected his death every hour."

According to Mrs. Knauer, the wife of the plaintiff, the defendant expressed the desire that his uncle be made as comfortable as possible, and that she should "give him all he needed; that he would pay all the bills, and be responsible." Dr. Campbell's testimony is to the effect that he advised the removal of the defendant's uncle to a hospital or home, and the defendant said, "No; he could be taken care of there, and he would be responsible." The defendant, who testified in his own behalf, pronounced the testimony of these witnesses regarding such alleged promise as false; and he further testified:

"I asked Dr. Campbell who gave him orders to go there. He said, 'Mr. Knauer.' I said, 'How much are you out, up to the present time? I did not order you, and I have no business to pay anything.' He said, '$10.' I said that 'I don't want, on my account, or anybody else, to pay any more money.' I paid him $10."

In respect to the payment of the sum just mentioned the defendant is corroborated by Dr. Campbell, who testified "that Mrs. Knauer paid for the first visit he made there, and when Mr. Seagrist paid him $10 he paid that back." The repayment of said sum was not denied by the plaintiff, and therefore it was clearly an error to include this amount, or any part thereof, in the judgment.

Conceding that the alleged conversation of June 7, 1892, can be construed as an agreement on the part of the defendant to compensate the plaintiff for the services which he might thereafter render to the deceased, and reimburse him for any moneys he might expend for the trained nurse, medicines, stimulants, and food, still the judgment, with respect to the items included therein, is not supported by any competent evidence. The only proof offered in relation thereto is to be found in plaintiff's testimony, as follows: "Q. Look at the complaint, and say if that contains a statement of what is due you from the defendant. Read the items." The paper was then handed to the witness, who, after reading the items set forth in the complaint, was further interrogated: "Q. Amounting in all to how much? A. To $281.75." Here certainly there was no proof that any services whatever were rendered by the plaintiff, or that he expended any of the sums so read off by him, except the item of $135 for nurse hire; but as the record fails to disclose any evidence of the rendition of the services, and whether the sum so paid was the agreed price or reasonable value thereof, the proof in this regard was likewise insufficient; and it follows that the justice erred in allowing this item, as well as all the other items for such alleged services and disbursements.

The scraping of the walls of the room which the deceased had occupied, and their repainting, and the destruction of the carpet and bedding, unquestionably, were wise sanitary precautions; but, in the absence of more satisfactory testimony, we cannot say that it could be reasonably inferred from the conversation above noted that the defendant agreed to pay for such repairs, and for the property so de-

stroyed. At all events, as neither the nature nor value of the same was shown, the items should have been disallowed.

As the record does not contain any competent evidence in support of the judgment, it follows that a new trial must be ordered. The case seems to have been tried by the plaintiff upon the assumption that the rendition of the services, and the reasonable value thereof, and the expenditure of moneys for the benefit of the deceased, and the reasonableness of the items therefor, were not disputed by the defendant, although formally put in issue by the pleadings; but the return fails to show that such was the understanding of the parties when the cause was tried.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.